UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NAM VAN BUI**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-05-04350 |
| | § | |
| **NAILOR INDUSTRIES OF TEXAS, INC.** and **DAVID SODEN**, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. # 5). For the reasons set forth below, the motion is **GRANTED**.

## I. BACKGROUND

This case arises from alleged breaches of a collective bargaining agreement, under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs are former employees of Defendant Nailor Industries of Texas, Inc. ("Nailor"). Plaintiffs were also members of Local Union 54 of the Sheet Metal Workers International Association, AFL-CIO ("the Union"), and their wages, hours, and other aspects of their employment were governed by a collective bargaining agreement ("CBA") between Nailor and the Union. The CBA included mandatory grievance and arbitration procedures to be used in the event of a difference between Nailor and the Union, or between Nailor and the employees, as to the interpretation, application, or violation of any provision of the CBA. Defendant David Soden ("Soden") is the manager of Nailor's Houston, Texas plant, where Plaintiffs were formerly employed.

Plaintiffs allege that, in February 2005, Nailor informed them of a change in insurance prices for the upcoming enrollment period. Plaintiffs allege that they were upset about the

1

prohibitive new pricing of the health insurance, and that on March 2, 2005, they met with Defendant Soden to discuss the insurance premiums. According to Plaintiffs' First Amended Complaint, Soden agreed to a reduction in the insurance premiums and told Plaintiffs that the Union had been called to draft the agreement. Soden instructed Plaintiffs to wait for the Union in the parking lot. Plaintiffs allege that, shortly after exiting the plant, the Houston Police Department arrived, handcuffed several of them, and placed them in the back of police vehicles. Plaintiffs were told to leave the premises and return to work the next day.

On March 3, 2005, Plaintiffs returned to work, but Nailor had locked them out and terminated them. The Union and Nailor subsequently engaged in the requisite grievance process concerning the locked-out employees and reached an agreement on March 9, 2005. The agreement acknowledged that, on March 2, 2005, the locked-out employees had gone on strike, in violation of the CBA's no-strike clause. The agreement further provided that Nailor would reinstate some of the employees as probationary, at Nailor's sole discretion, and that the Union would not file any grievances or lawsuits against Nailor for itself or on behalf of the striking employees.

Plaintiffs filed this lawsuit on December 27, 2005, under section 301 of the LMRA. Plaintiffs claim that Defendants Nailor and Soden breached the CBA by locking them out and terminating them. Plaintiffs also assert claims for negligent misrepresentation and fraud, arising from Defendants' alleged representations that the Union had been called to document the agreement regarding insurance premiums on March 2, 2005, and that Plaintiffs would be allowed to return to work on March 3, 2005. Defendants moved to dismiss Plaintiffs' suit, contending, among other things, that Plaintiffs had failed to exhaust their administrative remedies, and that Plaintiffs had failed to make the required showing that the Union breached its duty of fair representation. The Court held a hearing on Defendants' motion on March 31, 2006, thereafter

permitting Plaintiffs to file an amended complaint in order to address the Union's representation and their exhaustion of grievance procedures. Plaintiffs have now filed their First Amended Complaint, and Defendants have submitted supplemental briefing in support of their motion to dismiss. Having considered the parties' briefs and oral arguments, the Court finds that Defendants' motion should be granted and the case dismissed.

## II. ANALYSIS

### A. Failure to State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### B. Section 301 of the Labor Management Relations Act of 1947

Individual employees may bring a cause of action against their employer for breach of a collective bargaining agreement, under section 301 of the LMRA, 29 U.S.C. § 185. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983); *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 977 (5th Cir. 1986). Before bringing such a suit against their employer, the employees must exhaust any grievance or arbitration procedures provided by the collective bargaining agreement. *DelCostello*, 462 U.S. at 163; *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) ("As a general rule in cases in which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress."); *Gutierrez v. United*

*Foods, Inc.*, 11 F.3d 556, 559 n.8 (5th Cir. 1994).  Courts have recognized an exception to the requirement that employees exhaust grievance or arbitration procedures, however, in situations in which the union has breached its duty of fair representation in handling the employees' grievance.  *DelCostello*, 462 U.S. at 164; *Vaca v. Sipes*, 386 U.S. 171, 184-86 (1967); *Gutierrez*, 11 F.3d at 559 n.8.  If this is the case, the employees' suit amounts to a "hybrid claim," involving both a claim that the employer breached the collective bargaining agreement, under section 301, as well as a claim that the union breached its duty of fair representation, which is implied under the National Labor Relations Act.  *DelCostello*, 462 U.S. at 164; *see also Thomas v. LTV Corp.*, 39 F.3d 611, 621 (5th Cir. 1994).

> The Supreme Court has explained a hybrid case as follows:
>
> Such a suit, as a formal matter, comprises two causes of action.  The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  Yet the two claims are inextricably interdependent.  To prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.

*DelCostello*, 462 U.S. at 164-65 (quotation and citations omitted).  Although a hybrid case may formally involve claims against both the employer and the union, plaintiff employees need not actually sue both the employer and the union.  *Id.* at 165.  Even if the employees sue only their employer under section 301, however, they must still demonstrate the union's failure to fairly represent them.  *Id.* at 165;  *Daigle*, 794 F.2d at 977; *Brown v. Witco Corp.*, 340 F.3d 209, 213 n.5 (5th Cir. 2003) ("If the employee so chooses, he may sue one defendant and not the other, but the case to be proved is the same whether one or both are sued.  The employee must allege and prove both that the employer has breached the collective bargaining agreement and that the union has breached its duty of fair representation.") (citations omitted).

4

Additionally, as Defendants point out, some cases have held that proving a breach of the duty of fair representation on the part of the union is a necessary predicate to an employee's suit under section 301, without regard to the employee's exhaustion of grievance or arbitration procedures. In *Holmes v. Greyhound Lines, Inc.*, the Fifth Circuit noted that:

> Respondent's characterization of his action against the employer as one for 'breach of contract' ignores the significance of the fact that it was brought in the District Court pursuant to § 301(a) of the LMRA and that the indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective-bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation.

757 F.2d 1563, 1567 (5th Cir. 1985) (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981)). *See also Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 172 (5th Cir. 1989) ("[I]t is an 'indispensable predicate' to a section 301 action against the employer to establish that the union has breached its duty of fair representation.").

Here, Plaintiffs' action against Nailor and Soden[1] for breach of the CBA fails because Plaintiffs failed to exhaust the grievance and arbitration procedures set forth in the CBA, and because Plaintiffs have not made any assertion or showing that the Union breached its duty of fair representation in this case.

*1. Exhaustion of Grievance and Arbitration Procedures*

First, Plaintiffs have failed to plead that they exhausted the grievance and arbitration procedures provided in the CBA. There is no indication that these procedures are optional; rather, the CBA provides that the grievance procedure applies "[s]hould any difference arise between the Employer and the Union or the Employer and the employee(s) as to the interpretation, application, or violation of the provisions of this Agreement . . . ." Pls.' First Am.

---

[1] As Defendants additionally note, Defendant Soden cannot be held personally liable for alleged breach of the CBA, since he is not personally a signatory to the CBA. Rather, Soden signed the CBA in his official capacity as Nailor's Operations Manager, which cannot give rise to individual liability. *See, e.g.*, *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980).

Compl., Ex. A, Art. XX.  Plaintiffs acknowledge that they did not exhaust these grievance and arbitration procedures, but instead argue that these processes were foreclosed to them as a result of the agreement negotiated by Nailor and the Union following the lockout.  Plaintiffs contend that this made the grievance and arbitration process nonexclusive and not final, and that they were accordingly not required to exhaust the grievance process prior to filing suit.  *See Daigle*, 794 F. 2d at 977 (suggesting that employees are not required to exhaust alternative procedures that are not intended as an exclusive and final remedy).  Alternatively, Plaintiffs contend that, to the extent that they were required to follow grievance procedures, that process was repudiated or futile.

Plaintiffs cannot show that the post-lockout agreement reached between Nailor and the Union foreclosed them from individually utilizing the CBA's grievance and arbitration procedures.  Although Plaintiffs are correct that the agreement prohibited the Union from filing additional grievances or claims arising from the lockout and terminations, the agreement in no way prohibited individual employees from filing grievances against Nailor.  Pls.' First Am. Compl., Ex. B.  The CBA's grievance and arbitration procedures allow for Union involvement, yet they also provide that individual employees have the right to initiate a grievance.  Pls.' First Am. Compl., Ex. A, Art. XX ("The employee, with or without his/her Steward, shall contact the employee's Supervisor in an attempt to resolve the matter. . . .").  Similarly, Plaintiffs have not and cannot demonstrate that the grievance process was futile.  In order to make such a claim of futility, Plaintiffs would have had at least to attempt to utilize the grievance process, which they failed to do here.  *Republic Steel Corp.*, 379 U.S. at 652 ("individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress."); *Parham v. Carrier Corp.*, 9 F.3d 383, 390-91 (5th Cir. 1993) ("Although a disgruntled employee may bring a suit without first exhausting available

6

grievance procedures if exhaustion of those remedies would be futile, such an employee may not simply *assert* that his use of grievance procedures would have been futile:  he must ordinarily at least have *attempted* to use them.").  Finally, Plaintiffs have in no way demonstrated that the post-lockout agreement negotiated between Nailor and the Union made the CBA's grievance process nonexclusive or not final as to employees.

## *2. Breach of Union's Duty of Fair Representation*

Additionally, Plaintiffs have failed to plead that the Union breached its duty of fair representation in handling their grievances.[2]  On the contrary, Plaintiffs appear to acknowledge that the Union did not breach its duty and fail to fairly represent them following the lockout.  In their response to Defendants' motion, Plaintiffs state that, "breach of the duty of representation is not implicated or intertwined.  The Union represented employees in negotiation of a return to work.  Many employees were allowed back to work.  Plaintiffs were not allowed back to work.  The negotiation resulted in a settlement agreement."  Pls.' Resp. ¶ 9.  Rather than allege that the Union breached its duty of fair representation, Plaintiffs argue that this case is not a hybrid suit, and that the duty of fair representation is accordingly not implicated.  The Court disagrees.

As discussed above, it is well established that a prerequisite for section 301 cases brought by employees, at least where the employees have failed to exhaust required grievance or arbitration procedures, is a showing that the union breached its duty of fair representation. *DelCostello*, 462 U.S. at 163-65; *Thomas*, 39 F.3d at 621-22; *Holmes*, 757 F.2d at 1567. Plaintiffs argue that *DelCostello*, *Daigle*, and *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966), "clearly hold that an employee may bring a 'straightforward breach-of-contract suit' against his or her employer without bringing a 'hybrid' suit."  Pls.' Sur-Reply ¶ 7.

---

[2] A union breaches its duty to fairly represent employees when it acts in a "discriminatory, dishonest, arbitrary, or perfunctory fashion."  *DelCostello*, 462 U.S. at 164.

*Hoosier* is distinguishable from this case, however, because it involved a suit brought by a union against an employer to enforce a collective bargaining agreement, rather than an action brought by individual employees. 383 U.S. at 699. Further, the collective bargaining agreement in *Hoosier* did not involve any agreed grievance or arbitration procedures for resolving disputes, as does the CBA at issue here. *See DelCostello*, 462 U.S. at 162. Similarly, although *DelCostello* recognized the distinction between a "straightforward" contract action and a "hybrid" action, the opinion also held that, for individual employees to bring suit against their employer under section 301, the employees must either exhaust grievance and arbitration remedies provided in the collective bargaining agreement, or demonstrate that the union failed to fairly represent them. 462 U.S. at 162-65. Likewise, the court in *Daigle* found that, where a collective bargaining agreement "contains the typical provision that aggrieved parties must go through the grievance and arbitration procedures and the procedures' resolution is final and binding on the parties . . . [the employees'] § 301 suit would then hinge on the claim that the union breached its duty of fair representation . . . ." 794 F.2d at 978.

As Plaintiffs have failed to show that they exhausted the grievance and arbitration procedures set forth in the CBA, or that these procedures were somehow not exclusive or final, Plaintiffs' section 301 suit must take the form of a hybrid action, and Plaintiffs must show that the Union breached its duty of fair representation. Because Plaintiffs have not made such a showing, they have failed to state a claim under section 301 of the LMRA, and their claim against Defendants for breaching the CBA should be dismissed.

**3. Claims for Negligent Misrepresentation and Fraud**

In addition to their claim for breach of the CBA, Plaintiffs have asserted claims for negligent misrepresentation and fraud. Defendants argue that these state causes of action are inextricably entwined with the CBA claim, and thereby preempted by section 301 of the LMRA.

It would be inappropriate for the Court to undertake this analysis, however, as the dismissal of Plaintiffs' section 301 claim for the alleged breach of the CBA deprives the Court of subject matter jurisdiction over Plaintiffs' case and the remaining state law claims. Accordingly, Plaintiffs' claims for negligent misrepresentation and fraud are dismissed. This decision is without prejudice to any claims that Plaintiffs may be able to assert in state court.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 11th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**